## STATE ex rel. GATES vs. FETTER.

An act of the legislature authorized the electors of a certain county to vote, at the annual election on the first Tuesday in April, upon the question of the re-

moval of the county-seat of said county, and provided that the votes cast upon that question at such election should be canvassed, &c., by the same officers and at the time and in the manner provided by law for canvassing, &c., the result of elections for state or county officers, and that such result should be reduced to writing by the canvassing officers, and certified by them to be true and correct, and recorded by the clerk of the board of supervisors in a county record book in his office. *Held*, that the legislature intended that the votes cast upon said question at such election should be canvassed by the county board of canvassers, on the Tuesday following said election, when the votes for chief justice were canvassed.

An alternative mandamus, sued out to compel the clerk of the circuit court of said county to keep his office at A——, alleged that at such election a majority of the votes cast upon the question was in favor of the removal of the county-seat to A——, but that the board of canvassers had refused to count the votes of certain precincts in said county, which had given a majority of 157 votes in favor of such removal, on account of alleged defects in the returns of the votes cast therein, and had canvassed the votes of the remaining towns or precincts, and certified that a majority of 86 votes had been cast at said election against such removal. The return to the writ admitted that the board of canvassers had refused to count the votes of certain precincts, as stated in the writ, on account of defects in the alleged returns of the votes therein, but insisted that, inasmuch as the board of canvassers had made their certificate, as required by said act, showing that a majority of the votes cast upon said question at said election was against such removal, and such certificate had been recorded by the clerk of the board of supervisors, as in said act required, the respondent could not lawfully remove his office, &c. *Held*, on demurrer, that the return was, in effect, an admission of the incorrectness of the certificate of the board of canvassers, and that a peremptory mandamus should be awarded for the removal of said office to A——.

June Term, 1860.

State ex rel. Gates v. Fetter.

## APPLICATION for a Mandamus.

By an act of the legislature, the electors of the county of Buffalo were authorized to vote, at the annual election on the first Tuesday of April, 1860, upon the question of the removal of the county-seat of that county from Upper Fountain City to the village of Alma. The act provided that the votes cast at such election should be canvassed, certified, and the result ascertained and declared, by the same officers, and at the time and in the manner provided by law for canvassing, certifying and ascertaining the result of elections for state or county officers; and that such result, when so ascertained, should, by the canvassing officers, be reduced to writing, and by them certified to be in all respects true and correct, and that when the same was so reduced to writing and certified, the clerk of the board of supervisors of said county should record the same in some county record book in his office.

On the 4th of May, 1860, the relator, a resident of said county, applied to this court for an alternative mandamus, commanding the respondent, who was clerk of the circuit court of said county, to keep his office at said village of Alma, alleging, in his affidavit, that said election was held pursuant to law, and that a majority of all the votes cast upon the question of removal of the county-seat of said county to Alma, was in favor of such removal, but that the board of county canvassers had rejected the returns of said election from the towns of Nelson and Naples, and the first ward of Buffalo City, in said county, which cast, in the aggregate, a majority of 157 votes in favor of such removal, on account of alleged insufficiency and defects in the form of such returns, and, having made a tabular statement of the votes cast in the remaining towns and wards of the county, had certified that said tabular statement was true and correct, as compiled from the original returns, and that from such returns it appeared that the whole number of votes polled in said county at said election, upon the question of the removal of the county-seat, was 758, of which 336 were for the removal of the county-seat to Alma, and 422 against such removal.

An alternative writ having been granted upon this application, the respondent made return thereto, stating: 1. That the returns of the votes cast at said election, upon said question of removal, were required by law to be canvassed, and the result ascertained and declared, on or after the Tuesday next following the general election for state or county officers next thereafter to be held, and by the same officers who should then canvass and declare the result of the votes given at such general election. 2. That the respondent admitted that the said board of canvassers did refuse to count and canvass the votes which the relator claimed they should have counted, and that such refusal was on the ground of the insufficiency of the alleged statements and returns of the inspectors of the election in said towns of Naples and Nelson, and said first ward of Buffalo City, but alleged that after such refusal, said board of canvassers made their certificate in writing, as required by said act, showing the result of said

election, and that a majority of the votes cast at such election was against the removal of said county seat to the village of Alma, which certificate was duly recorded by the clerk of said board, in a county record book in his office, and the respondent insisted that if said board had a right by law to canvass said returns, he was legally bound to refuse to remove his office to said village of Alma. 3. That the act under which such election was held, was unconstitutional. —To this return the relator demurred.

*Tucker & Cole,* for relator.

*E. Fox Cook,* for respondent.

June Term, 1860.

State ex rel. Gates v. Fetter.

October 15.

*By the Court,* Cole, J. The demurrer to the return must be-sustained, and a peremptory writ awarded.

There is no difficulty in arriving at the intention of the legislature in passing chap. 110, General Laws, 1860, p. 100. The act provided that the electors of Buffalo county might vote on the first Tuesday of April—the day on which the town elections were held—upon the question of the removal of the county seat of that county from Upper Fountain City to the village of Alma. And the legislature undoubtedly intended that the votes upon that question should be canvassed by the county board of canvassers on the Tuesday following the election, the day on which the votes for chief justice were canvassed. It is unreasonable to suppose that the legislature did not intend that the votes upon the subject of removal should be canvassed until after the general election next November. This construction of the law is unwarranted and not to be adopted.

In one part of his return the respondent relies upon the certified statement made by the canvassing board, under the act, and recorded, in which the canvassers certify and declare that a majority of the votes cast upon the subject of the removal of the county seat, was against such removal. This official statement might perhaps have shown a good excuse or justification for the respondent's refusing to remove his office from Upper Fountain City to the village of Alma, had he not in effect admitted the incorrectness of that statement, in consequence of the rejection by the canvassing board

of the votes of the towns of Naples and Nelson, and of the first ward of Buffalo City, as stated in the relation. If the votes cast upon the subject of removal in those towns and that ward, were counted, then the result showed a clear majority in favor of the removal. So that the respondent, by his own answer, impeached the correctness of the official canvass, and showed that it did not state the true result of the election.

Peremptory mandamus awarded.